UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO DADDY OPERATING COMPANY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>USMAN GHAZNAVI, et al.,<br><br>    Defendants. | Case No. 17-cv-6545-PJH<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

The motion of plaintiff Go Daddy Operating Company, LLC ("GoDaddy"), for a temporary restraining order against defendants Usman Ghaznavi a/k/a Usman Anis ("Anis"), Salman Ghaznavi a/k/a Salman Anis ("Ghaznavi"), and Silicon Valley Graphic, LLC d/b/a Silicon Valley Graphics ("SVG") came on for hearing before this court on December 20, 2017. GoDaddy appeared by its counsel Jeffrey M. Monhait, and defendants appeared by their counsel Brenda A. Prackup. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion as follows for the reasons stated at the hearing.

GoDaddy filed the complaint in the above-entitled action on November 10, 2017, asserting violations of §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114 (trademark infringement), § 1125(a) (false designation of origin, unfair competition, false advertising), § 1125(c) (trademark dilution), and § 1125(d) (cybersquatting); plus state-law and common law claims of unfair competition, false advertising, trademark infringement, and intentional interference with prospective economic advantage; and they also seek an accounting.

On November 29, 2017, GoDaddy filed certificates of service showing service of the summons and complaint on each of the defendants at 45333 Fremont Blvd., Ste. 5, in Fremont, California. The proofs of service show (1) personal service on Anis on November 14, 2017; (2) substituted service on SVG, on November 14, 2017, at the address of its registered agent, by leaving papers with Anis ("Employee/Owner") followed by service by mail; and (3) substituted service on Ghaznavi, by leaving papers with Lo Ann Do, graphic designer, on November 17, 2017, following attempts on three successive days to personally serve Ghaznavi. Defendants have entered an appearance through counsel, although counsel has indicated that Ghaznavi intends to contest personal jurisdiction and sufficiency of service of process. On December 14, 2017, GoDaddy filed the present motion for a TRO and order to show cause re preliminary injunction.

Federal Rule of Civil Procedure 65 provides federal courts with the authority to issue temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65(a), (b). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). Requests for temporary restraining orders are governed by the same general legal general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

Generally, the purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers, 415 U.S. 423, 439 (1974); see U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per

curiam) (citation omitted).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

GoDaddy contends that it is likely to prevail on its federal claims and also on its claim under B&P § 17200; and also that it has demonstrated irreparable harm. In arguing likelihood of success, GoDaddy focuses on the claim for trademark infringement under the Lanham Act. To prevail on a claim of trademark infringement under the Lanham Act, a plaintiff must establish that it has a protectable ownership interest in the mark, and that that the defendant's use of the mark is likely to cause consumer confusion. See Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011). GoDaddy asserts that it has satisfied both these elements.

GoDaddy also contends that it has demonstrated that it will suffer irreparable harm in the absence of injunctive relief, based on allegations of loss of business and damage to goodwill, and asserts further that defendants are "judgment proof" and that a potential award of money damages against them is not likely to deter their conduct.

It is undisputed that GoDaddy has a protectable interest in the GoDaddy Marks, and that unauthorized use of the Marks by persons or entities other than GoDaddy would be likely to cause consumer confusion. However, the court finds that GoDaddy has failed to make a clear showing that it is entitled to the extraordinary remedy of temporary injunctive relief. Primarily, GoDaddy has not made a sufficient showing that any particular defendant is responsible for the alleged infringement in this case. In addition, GoDaddy's delay in filing the motion, while not extreme, does tend to negate the

3

1 possibility of any immediate threat of irreparable harm.

2 The court finds that the interests of justice would be better served by a fully-briefed
3 motion for injunctive relief, rather than the present hastily-assembled motion for a
4 temporary restraining order, heard on shortened time. As agreed at the hearing, the
5 parties will meet and confer, and stipulate to a briefing and hearing schedule for the
6 motion for preliminary injunction. In addition, they may wish to first address the issue of
7 service and personal jurisdiction as to Ghaznavi.

**IT IS SO ORDERED.**

Dated: December 20, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge

4