Paula L. Zecchini (SBN No. 238731)
Nathan Dooley (SBN No. 224331)
Jeffrey M. Monhait (*admitted pro hac vice*)
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 644-0914
Facsimile: (415) 644-0978
E-mail:     pzecchini@cozen.com
            ndooley@cozen.com
            jmonhait@cozen.com

Attorneys for Plaintiff
GO DADDY OPERATING COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO DADDY OPERATING COMPANY, LLC, | Case No.: 17-CV-06545-PJH |
| Plaintiff, | [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION |
| vs. | |
| USMAN GHAZNAVI a/k/a USMAN ANIS, SALMAN GHAZNAVI a/k/a SALMAN ANIS, SILICON VALLEY GRAPHIC, LLC d/b/a SILICON VALLEY GRAPHICS, and DOES 1 through 50, | |
| Defendant(s). | |

**WHEREAS** Plaintiff Go Daddy Operating Company, LLC ("Plaintiff") initiated the above-styled action on November 10, 2017, alleging various federal and state law claims against Defendants Usman Ghaznavi a/k/a Usman Anis, Salman Ghaznavi a/k/a Salman Anis, and Silicon Valley Graphic, LLC d/b/a Silicon Valley Graphics ("Defendants") for, among other things, trademark infringement, false designation, trademark dilution, cybersquatting, unfair competition, and false advertising;

**WHEREAS** Plaintiff is the owner of the following trademarks and has registered the following marks with the United States Trademark Office (the "GoDaddy Marks"):

| REGISTRATION NUMBER | SERVICE MARK | SERVICES |
|---|---|---|
| 4,549,193 |  | Increasing traffic flow to websites on the Internet, namely, promoting the goods and services of others by providing automated hypertext links to the websites of others using optimal search terms and search engines; Domain monetization services for others; Advertising services, namely, creating corporate and brand identity for others; Providing business management information on a wide variety of topics to service professionals; Providing business management consulting services, International Category 35.

Designing, developing and hosting web sites for others on a global |

| | | |
|---|---|---|
| | | computer network; Design services for others, namely, design services in the nature of graphic design services for creating corporate logos; Global computer system domain name searching services, namely, conducting computer searches for the availability of domain names and a list of expired domain names, International Category 42.<br><br>Providing user authentication service in e-commerce transactions on a global computer network; Computer services, namely, registering previously registered domain names by registering the domain names when the domain names become publicly available; Computer services, namely, registering domain names for use on a global computer network; Online social networking services, International Category 45. |
| 4,526,948 | GODADDY | Clothing, namely, men's and women's t-shirts, caps and hats, International Category 25. |

| | | |
|---|---|---|
| 4,472,643 | GODADDY | [same as 4,549,193, above] |
| 4,472,631 | GoDaddy | [same as 4,549,193, above] |
| 4,517,021 | Go Daddy.com | [same as 4,549,193, above] |
| 3,672,975 | Go Daddy.com | Computer programs, namely, programs for creating, posting and maintaining websites on the global computer network; Computer graphics software, computer authoring software, and digitized graphics modules for designing and developing web sites on a global computer network; Computer software provided by means of a global computer network which assists a user in creating customized forms; Computer search engine software for enhancing search engine capabilities and increasing Internet traffic to web site; Computer programs, namely, for developing and displaying an interactive electronic storefront on a global network, for adding and managing a catalog of |

| | | |
|---|---|---|
| | | products for selling on a global network, for processing payment calculation and collection over a global network, and for generating reports of web site activity for a designated site on a global network; Computer programs to assist others in marketing their businesses through the creation of targeted email campaigns, International Category 9.<br><br>Increasing traffic flow to websites on the Internet, namely, promoting the goods and services of others by providing automated hypertext links to the websites of others using optimal search terms and search engines; Domain monetization services for others; Advertising services, namely, creating corporate and brand identity for others, International Category 35. |
| 3,672,972 | GODADDY.COM | [same as 3,672,975, above] |

///
///
///

**WHEREAS** Plaintiff alleges that Defendants launched a campaign of IP misuse, misappropriation, and abuse aimed at siphoning traffic from GoDaddy's websites and profiting from the GoDaddy Marks.  Defendants registered, operated, and continue to own and operate more than thirty internet domain names (the "Infringing Domains") that are identical to, or confusingly similar to and dilutive of, the GoDaddy Marks and the GoDaddy Site. The Infringing Domains include, but are not limited to:

a.    g0daddydesigns.com

b.    godaddydesigns.com

c.    go-daddydesigns.com

d.    godesigndaddy.com

e.    godaddybrandagency.com

f.    godaddybranddesign.com

g.    godaddybranding.com

h.    godaddydesignagency.com

i.    godaddydesigners.com

j.    godaddydesignhub.com

k.    godaddydesignservice.com

l.    godaddydesignsolution.com

m.    godaddydomaindesigns.com

n.    godaddyexplainervideos.com

o.    godaddygraphicdesigns.com

p.    godaddyhostingdesign.com

q.    godaddyhostingdesigns.com

r.    godaddylogodesigns.com

s.    godaddylogosonline.com

t.    godaddymarketingagency.com

u.    godaddypremiumdesigners.com

v.    godaddypremiumdesigns.com

| | | |
|---|---|---|
| 1 | w. | godaddypremiums.com |
| 2 | x. | godaddyprivacy.com |
| 3 | y. | godaddywebcoupon.com |
| 4 | z. | godaddywebsitecoupon.com |
| 5 | aa. | godaddywebdesign.com |
| 6 | bb. | godaddywebdesigns.com |
| 7 | cc. | godaddydesigncoupons.com |
| 8 | dd. | godaddyanimations.com |
| 9 | ee. | logodesigndaddy.com |
| 10 | ff. | logodesignsdaddy.com |
| 11 | gg. | logodaddycoupon.com |

**WHEREAS** the infringement of the GoDaddy Marks and operation of the Infringing Domains, as well as associated customer complaints, establish a strong inference of substantial ongoing and irreparable harm;

**WHEREAS** Plaintiff has moved the Court for the issuance of a preliminary injunction;

**WHEREAS** Plaintiff has made a showing of ongoing harm to its goodwill and the general public as evidenced by, among other things, consumer complaints stemming from Defendants' infringing conduct;

**WHEREAS** Defendants were served on November 14 and 17, 2017 with the Complaint and Summons (Dkt. Nos. 16, 17, 18), and subsequently served with Plaintiff's Motion for Preliminary Injunction on January 10, 2018.

**WHEREAS** having reviewed and considered the facts, evidence, and arguments presented by Plaintiff in support of its Motions, and the files and records of this case, along with the facts, evidence, and arguments presented by Defendants, and having considered applicable law, and for the irreparable future harm, and other good cause shown; and

///

**WHEREAS** the Court conducted a hearing on Plaintiff's Motion for a Preliminary Injunction on February 14, 2018, at which time Plaintiff demonstrated the existence of substantial current, ongoing, and the high likelihood of future harm, including harm to Plaintiff's goodwill, dilution of its Marks, and harm to its consumers stemming from Defendants' conduct including, but not limited to, Defendants' infringement of the GoDaddy Marks;

**IT IS EVIDENT THAT:**

1. Plaintiff has demonstrated a substantial likelihood it is likely to prevail on its claims for (1) Trademark Infringement pursuant to 15 U.S.C. § 1114 (2) False Designation of Origin pursuant to 15 U.S.C. § 1125, (3) Trademark Dilution, (4) Cybersquatting, 15 U.S.C. § 1125(d), (5) Unfair Competition Pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq., (6) False Advertising Pursuant to Cal. Bus. & Prof. Code § 17500, (7) California Common Law Trademark Infringement, (8) Intentional Interference With Prospective Economic Advantage, and (9) Accounting.

2. Plaintiff is likely to be irreparably harmed as a result of Defendants' continued infringement of the GoDaddy Marks, and by Defendants' continued operation of infringing domain names, and such injury is shown both by the likely infringement of the GoDaddy Marks and other conduct and evidence shown in GoDaddy's Motion including, but not limited to, consumer reaction to Defendants' conduct;

3. The balance of hardships tips sharply in Plaintiff's favor because Defendants will not suffer significant or cognizable injury through entry of this Order because *inter alia* Defendants' conduct appears to be in violation of the law; and

4. The entry of this Order is clearly in the public interest given the outcry among consumers regarding Defendants' conduct.

///

Accordingly, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, the Court **GRANTS** Plaintiff's request for a Preliminary Injunction and **IT IS HEREBY ORDERED** that:

1. Defendants, and each of them as well as Defendants' officers, agents, servants, employees, attorneys, shareholders, members, managers, and those persons who are in active concert or participation with them, and all those who receive actual or constructive notice of this order by personal service or otherwise, are enjoined, from the following:

   a. Advertising, marketing, distributing, selling, sending emails, text messages, making phone calls, publishing, including the publication of any webpage or electronic media bearing the GoDaddy Marks or any variations thereof, including any similar representations or renderings of the GoDaddy Marks, and including any kind of distribution of any social media of any kind displaying any of the GoDaddy Marks, or similar representations or renderings thereof;

   b. Operating, registering, continuing to use, continuing to display the GoDaddy Marks upon, siphoning traffic from, generating sales, leads, or internet traffic from, or otherwise continuing to utilize in any manner, any of the Infringing Domains, and any similar such Domains that display any of the GoDaddy Marks, or representations that are similar to the GoDaddy Marks;

   c. Destroying, moving, concealing, transferring, damaging or failing to preserve any data, media, documents, materials, or information of any kind that contains any representation or information related to the GoDaddy Marks;

   d. Concealing, altering, injuring, destroying, or failing to preserve in their present form, corporate books and records, including any and all financial records related to any use, misuse, or reference to any of the

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

GoDaddy Marks including, but not limited to, any and all sales made in connection with or reference to the GoDaddy Marks;

**IT IS FURTHER ORDERED** that pursuant to Rule 65(c), Plaintiff shall by _____, post a bond in the total amount of $5,000 as a condition to entry of this Preliminary Injunction.

**IT IS SO ORDERED.**

Dated:  February __, 2018          By:_____

HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA