Brenda A. Prackup
Law Office of Brenda A. Prackup
4000 MacArthur Blvd.
East Tower, 6th Floor
Newport Beach, CA 92660
Tel: 949.783.4249
Email: brenda@baplawoffice.com

Attorney for Defendant Usman Anis, Salman Ghaznavi and Silicon Valley Graphic, LLC d/b/a Silicon Valley Graphics

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO DADDY OPERATING COMPANY, LLC,<br><br>Plaintiff,<br>vs.<br><br>USMAN GHAZNAVI a/k/a USMAN ANIS, SALMAN GHAZNAVI a/k/a SALMAN ANIS, SILICON VALLEY GRAPHIC, LLC d/b/a SILICON VALLEY GRAPHICS, and DOES 1 through 50,<br><br>Defendants. | CASE NO.  4:17-cv-06545-PJH<br><br>Hon. Phyllis J. Hamilton<br><br>DEFENDANTS SALMAN GHAZNAVI'S NOTICE OF ERRATA<br><br>Date:  February 14, 2018<br>Time: 9:00 a.m.<br>Location: Oakland Courthouse, Courtroom 3 - 3rd Floor<br>1301 Clay Street, Oakland, CA 94612 |

# ERRATA

Defendant Salman Ghaznavi submits the following changes to his Reply to Plaintiff Go Daddy Opertaing Company, LLC's Opposition to Motion to Quash Service of Summons and to Dismiss Complaint for Lack of Personal Jurisdiction (FRCP 12(B)(2)) and For Insufficient Service of Process (FRCP12(B)(5)). A corrected copy of the brief is attached hereto as Exhibit A.

| Page | Line | Change/Add/Delete |
|---|---|---|
| **DOCUMENT: OPPOSITION** | | |
| 2 | 17 | Add: "(Doc. N. 32-1, Ghaznavi Decl. ¶ 10; Doc. N. 40-2, Ghaznavi Decl. ¶ 3.) |
| 4 | 16 | Delete: "Ghaznavi Reply Decl. ¶ 3.)"<br>Add: "Doc. N. 40-2, Ghaznavi Decl. ¶ 3; Prackup Decl. ¶¶ 2-3 Exh. A, B.)<br>"(Exhibit E.)" |
| 6 | 12-13 | Add: "(Doc. N. 32-1, Ghaznavi Decl. ¶ 10; Doc. N. 40-2, Ghaznavi Decl. ¶ 3)" |
| 8 | 19-20 | Add: "(Doc. N. 32-1, Ghaznavi Decl. ¶ 10; Doc. N. 40-2, Ghaznavi Decl. ¶ 3)" |
| 9 | 8 | Add: "under the specific jurisdiction analysis," after "above," and before "jurisdiction" |

Dated: January 22, 2018        LAW OFFICE OF BRENDA A. PRACKUP

By: /s/ Brenda A. Prackup

Brenda A. Prackup
Attorney for Defendant Salman Ghaznavi

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, a copy of the foregoing document was filed electronically, with the Court's CM/ECF, which will provide notice of the same on the parties.

Dated: January 22, 2018          LAW OFFICE OF BRENDA A. PRACKUP

                                 By: /s/ Brenda A. Prackup
                                     Brenda A. Prackup
                                     Attorney For Defendant Salman Ghaznavi

**EXHIBIT A**

1  Brenda A. Prackup
2  Law Office of Brenda A. Prackup
3  4000 MacArthur Blvd.
   East Tower, 6th Floor
4  Newport Beach, CA 92660
   Tel: 949.783.4249
5  Email: brenda@baplawoffice.com
6  Attorney for Defendant Usman Anis, Salman Ghaznavi and Silicon Valley Graphic, LLC d/b/a Silicon Valley Graphics

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO DADDY OPERATING COMPANY, LLC, | CASE NO. 4:17-cv-06545-PJH |
| | Hon. Phyllis J. Hamilton |
| Plaintiff, | DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINTIFF GO DADDY OPERATING COMPANY, LLC'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION (FRCP 12(B)(2)) AND FOR INSUFFICIENT SERVICE OF PROCESS (FRCP 12(B)(5)) |
| vs. | |
| USMAN GHAZNAVI a/k/a USMAN ANIS, SALMAN GHAZNAVI a/k/a SALMAN ANIS, SILICON VALLEY GRAPHIC, LLC d/b/a SILICON VALLEY GRAPHICS, and DOES 1 through 50, | |
| Defendants. | Date: February 14, 2018<br>Time: 9:00 a.m.<br>Location: Oakland Courthouse, Courtroom 3 - 3rd Floor<br>1301 Clay Street, Oakland, CA 94612 |

1

**DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINITFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT   4:17-06545-PJH**

## I. INTRODUCTION

Plaintiff Go Daddy Operating Company, LLC ("Plaintiff") has not met its burden of making a prima facie showing of personal jurisdiction over Salman Ghaznavi ("Ghaznavi").

Plaintiff's complaint, memorandum and declarations are rife with hearsay, lack foundation and unsupported conclusions and do not come close to meeting its burden of introducing competent evidence to support personal jurisdiction of Ghaznavi.

There is only one corporate defendant in this case, Silicon Valley Graphics, LLC ("SVG"). Ghaznavi is not an officer or director of SVG. (Doc. No. 32-1, Declaration of Salman Ghaznavi ("Ghaznavi Decl.") ¶ 5.) Plaintiff has failed to allege that SVG contacted its customers. Furthermore plaintiff has failed to allege that Ghaznavi contacted its customers. (Doc. N. 32-1, Ghaznavi Decl. ¶ 10; Doc. N. 40-2, Ghaznavi Decl. ¶ 3.)

In addition the service of the summons and complaint must be quashed because Ghaznavi is a Pakistani citizen and lives in Pakistan. (Doc. No. 32-1, Gaznavi Decl. ¶ 2.) Pakistan is a signatory to the Hague Service Convention, and as such, service should be effected through the Hague Service Convention, not by substitute service on SVG. (Opposition, 16:10-16.) Ghaznavi is not an officer or director of SVG. (Doc. No. 32-1, Ghaznavi Decl. ¶ 5.) These reasons render the

2

**DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINITFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT  4:17-06545-PJH**

imposition of personal jurisdiction over Mr. Ghaznavi inconsistent with constitutional norms of due process.

For the foregoing reasons, Ghaznavi's motion to quash service of summons and dismiss the complaint for lack of personal jurisdiction and insufficient service of process should be granted.

## II. ARGUMENT

### A. THE COURT LACKS GENERAL JURISDICTION OVER MR. GHAZNAVI.

Plaintiff argues that the Court may exercise general personal jurisdiction over Ghaznavi because he is the president of a number of California corporations, owns and/or controls companies that do business in California, and retained counsel in California. (Opposition 6:1-3.)

The only named corporate defendant is SVG. Plaintiff's complaint does not allege that Ghaznavi owns/operates or controls SVG. As stated in paragraph five (5) of his declaration in support of his motion, Mr. Ghaznavi is neither a member or officer of SVG. (Doc. No. 32-1.) Plaintiff provides no evidence to support its argument.

Plaintiff cites to case law for the notion that general jurisdiction exists over Ghaznavi. However the case law cited concerns companies that are named as defendants over which the court has jurisdiction. The only corporate defendant named is SVG, and as set for above, Ghaznavi is not a member or officer of SVG. Furthermore, none of the other companies referenced in plaintiff's complaint are

3

named defendants and as such the Court has no jurisdiction over these other companies.

Plaintiff attaches numerous exhibits to declarations filed by Plaintiff's counsel in support of its opposition which are objectionable.  These declarations and exhibits do nothing to advance plaintiff's claims.  They are rife with hearsay, lack foundation and unsupported conclusions and do not come close to meeting its burden of introducing competent evidence to support personal jurisdiction of Ghaznavi.  There are simply no allegations in the complaint or any evidence to support that Ghaznavi personally contacted plaintiff's customers.

As set forth in his declarations, there simply are no wide ranging and systematic contacts, by Mr. Ghaznavi with California.  (Doc. No. 32-1, Ghaznavi Decl.¶¶ 2-10;  Doc. N. 40-2, Ghaznavi Decl. ¶ 3; Prackup Decl. ¶¶ 2-3 Exh. A, B.)

In addition, the opposition fails to provide any authority to establish personal jurisdiction because Ghaznavi retained counsel in California.

As such, Ghaznavi is not subject to general jurisdiction in California.

**B. The Court Does Not Have Specific Jurisdiction Over Mr. Ghaznavi**

Plaintiff argues that the first two requirements for exercising specific jurisdiction over Ghaznavi are met based on agency and alter ego relationships between Ghaznavi and a network of California businesses.   (Opposition, 7:10-15.)

In order to assert jurisdiction over Ghaznavi under an alter ego theory, plaintiff must establish "that there is such a unity of interest and ownership

4

between the corporation and the shareholder that the two no longer exist as separate entities" and "that failure to disregard the corporation would result in fraud or injustice." *Seymour v. Hull Moreland Engineering*, 605 F.2d 1105, 1111 (9th Cir.1979).

The complaint fails to allege any alter ego relationships. Furthermore, the only company that plaintiff sued was Silicon Valley Graphics, LLC. As stated in paragraph five (5) of his declaration, Ghaznavi is not an officer or member of SVG. (Doc. No.32-1, Ghaznavi Decl. ¶ 5.) In addition, it is unclear, and plaintiff has failed to provide any authority that would allow the court to disregard the corporate form of a "network of California businesses" that are not named as defendants.

Plaintiff has not alleged in its complaint or provided evidence or argument in support of its opposition that disregarding the corporate form would result in a fraud or injustice to support the second element of the prima facie case for establishing alter ego liability.

The agency theory similarly fails. "Agency is the fiduciary relationship that arises when one person (a `principal') manifests assent to another person (an `agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." (*Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017) (citing Restatement (Third) of Agency § 1.01).) "`For an agency relationship to exist, an

5

DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINITFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT  4:17-06545-PJH

agent must have authority to act on behalf of the principal and `[t]he person represented [must have] a right to control the actions of the agent.'" Id. (quoting Restatement (Third) of Agency § 1.01 cmt. c).

Plaintiff has not alleged any agency theory in its complaint or provided any evidence to support an agency theory between Ghaznavi and SVG. Ghaznavi is not an officer or member of SVG.  (Doc. No. 32-1, Ghaznavi Decl.¶ 5.)  Furthermore, plaintiff has not alleged or provided any evidence showing that any of the non-defendant companies contacted plaintiff's customers or that Ghaznavi himself contacted any of plaintiff's customers. (Doc. N. 32-1, Ghaznavi Decl. ¶ 10; Doc. N. 40-2, Ghaznavi Decl. ¶ 3,)

In the hundreds of pages submitted by plaintiff's in support of its opposition, there is no evidence that Ghaznavi contacted plaintiff's customers.

Finally, plaintiff did not address Ghaznavi's argument that jurisdiction over individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation."  (*Weller v. Cromwell Oil Company*, 504 F. 2d 927 (6th Circuit 1974); see also *Universal Tube & Rollform Equip. Corp. v. YOUTUBE*, 504 F. Supp. 2d 260 (Dist. Court, ND Ohio  2007.)

Plaintiff has not met its burden of demonstrating that Ghaznavi has purposefully availed himself of the benefit of doing business in California, and therefore also has not carried its burden of establishing a prima facie case of specific jurisdiction over Ghaznavi

6

DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINITFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT   4:17-06545-PJH

### 1. Ghaznavi Has Not Purposefully Directed His Activities to California

With regard to the first prong, the "purposeful availment" standard and the "purposeful direction" standard are two distinct concepts. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012).

For claims sounding in tort, courts apply the "purposeful direction" test. (*Schwarzenegger*, 374 F.3d at 802-03.) The plaintiff must show that the defendant committed an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state. (*Calder v. Jones,* 465 U.S. 783, 789-90 (1984).)

Plaintiff does not assert a claim of direct liability against Ghaznavi. As set forth above, plaintiff fails to show agency and alter ego theories against Ghaznavi. For these reasons, plaintiff has failed to show that Ghaznavi purposefully directed his activities in California.

### 2. Plaintiff Has Failed To Establish Any Specific California-Related Activities By Ghaznavi

Next, plaintiff asserts that Ghaznavi's acts relate to activities in California. Plaintiff contends that because it would not have been injured "but for" Ghaznavi's acts, the second of the three elements of specific jurisdiction is met. However, the complaint fails to allege the "acts" that Ghaznavi took or provide any evidence in to support its argument, nor do

7

**DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT  4:17-06545-PJH**

the declarations and evidence provided by plaintiff's counsel show any actions by Ghaznavi.

### 3. It Would Be Unreasonable For the Court to Exercise Jurisdiction Over Ghaznavi In California

Ghaznavi lives and works in Pakistan.  (Doc. 32-1, Ghaznavi Decl. ¶ 2.) It would be burdensome and an extremely inconvient for Ghaznavi to litigation this matter in California.

Ghaznavi has not waived the remaining factors, as plaintiff has not proved the first two prongs for specific jurisdiction, so there is no need to discuss the remaining factors.  Nevertheless, assuming, arguendo that the court finds that plaintiff has proved the first two prongs of specific jurisdiction, the remaining factors cannot be met.

While California has a significant interest in protecting rights and interests of its residents, as set forth above, plaintiff has failed to allege any facts to showing that Ghaznavi contacted plaintiff's customers. (Doc. N. 32-1, Ghaznavi Decl. ¶ 10; Doc. N. 40-2, Ghaznavi Decl. ¶ 3.)

As to the fifth through seventh factors, Ghaznavi is a resident of Pakistan and it would be burdensome for him to litigate in California.   According to the complaint, there are other parties located in Pakistan that are allegedly involved in the activities described by plaintiff in its complaint.  Plaintiff is a major corporation and can certainly litigate in Pakistan.  In fact, it has a separate domain

8

**DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT  4:17-06545-PJH**

just for registering websites in Pakistan https://pk.godaddy.com/ (Prackup Decl. ¶ 5.)

For the foregoing reasons, the Court should grant Ghaznavi's motion to dismiss based on lack of personal jurisdiction.

### C. The Court Has No Jurisdiction Over Ghaznavi Under Fed. R. Civ. Proc. Rule 4(k)(2)

For the same set forth above, under the specific jurisdiction analysis, jusridiction against Ghaznavi fails under Fed. R. Civ. Proc. Rule 4(k)(2).

### D. Plaintiff's Request for Leave to Conduct Jurisdictional Discovery Should Not Be Granted.

As set forth above, plaintiff has failed to establish a prima facie jurisdiction over Ghaznavi. It would be extremely burdensome and inconvenient for Ghaznavi for jurisdictional discovery to be conducted as he is in Pakistan.

### E. Service Of Summons Should Be Quashed For Insufficient Service Of Process Under Fed. R. Civ. Proc. 12(B)(5)

First, Plaintiff fails to address Ghaznavi's argument under FRCP 4, that a defendant's office or place of business is not his or her "usual place of abode" within the meaning of FRCP 4. Ghaznavi is a Pakistani citizen and lives in Pakistan. (Doc. No. 32-1, Gaznavi Decl. ¶ 2.) Pakistan is a signatory to the Hague Service Convention, and as such, service should be effected through the Hague Service Convention, not by substitute service on SVG (Opposition, 16:10-16.) as plaintiff did because Ghaznavi is not an officer or director of SVG. (Doc. No. 32-1,

9

**DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT  4:17-06545-PJH**

Ghaznavi Decl. ¶ 5.) These reasons render the imposition of personal jurisdiction over Mr. Ghaznavi inconsistent with constitutional norms of due process.

For these reasons, there was insufficient service of process and Mr. Ghaznavi's motion to quash services of summons must be granted.

### F. CONCLUSION

For the reasons set forth above, the Court should quash the service of summons for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2) and because Plaintiff failed to properly serve Mr. Ghaznavi pursuant to FRCP 4(f).

Dated: January 22, 2018      LAW OFFICE OF BRENDA A. PRACKUP

By: /s/ Brenda A. Prackup

Brenda A. Prackup
Attorney for Defendant Salman Ghaznavi

10

**DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINITFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT  4:17-06545-PJH**

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, a copy of the foregoing document was filed electronically, with the Court's CM/ECF, which will provide notice of the same on the parties.

Dated: January 22, 2018        LAW OFFICE OF BRENDA A. PRACKUP

                               By: /s/ Brenda A. Prackup
                                   Brenda A. Prackup
                                   Attorney For Defendant Salman Ghaznavi

11

**DEFENDANTS SALMAN GHAZNAVI'S CORRECTED REPLY TO PLAINITFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND TO DISMISS PLAINTIFF'S COMPLAINT  4:17-06545-PJH**