UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GO DADDY OPERATING COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> USMAN GHAZNAVI, et al., <br><br> Defendants. | Case No. 17-cv-06545-PJH (LB) <br><br> **ORDER ADJUDICATING DISCOVERY DISPUTES** <br><br> Re: ECF No. 76 |

## INTRODUCTION

Judge Hamilton referred all discovery matters to the undersigned.[1] Currently pending is a joint letter brief from the parties regarding plaintiff Go Daddy Operating Company, LLC ("GoDaddy")'s jurisdictional discovery of defendant Salman Ghaznavi.

This litigation centers around allegations that the defendants are registering and operating internet domains that are identical to or confusingly similar of GoDaddy's website and trademarks, in order to siphon off traffic from GoDaddy's sites and to send out spam advertisements to consumers.[2] Mr. Ghaznavi moved to quash service of the summons and dismiss

---

[1] Order of Reference – ECF No. 77. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The defendants are allegedly registering and operating sites such as "g0daddydesigns.com," "godaddydesigns.com," "go-daddydesigns.com," and so forth.

ORDER – No. 17-cv-06545-PJH (LB)

the complete for lack of personal jurisdiction.[3] Judge Hamilton held that "a more satisfactory showing of the facts is necessary to determine whether the court has personal jurisdiction over Salman Ghaznavi — including Salman Ghaznavi's place of residence, the extent of his ownership of and control over the various entities in plaintiff's complaint, and whether he personally conducted or directed any of the actions alleged in the complaint." *Go Daddy Operating Co., LLC v. Ghaznavi*, No. 17-cv-06545-PJH, 2018 WL 1091257, at *5 (N.D. Cal. Feb. 28, 2018).[4] Judge Hamilton deferred judgment on Mr. Ghaznavi's motion to dismiss and allowed GoDaddy to take jurisdictional discovery. *Id.* at *5–6.

The parties raise four discovery disputes in their joint letter brief. The undersigned can adjudicate the disputes without a hearing, N.D. Cal. Civil L.R. 7-1(b), and rules as follows.

## ANALYSIS

### 1. Temporal Scope of Jurisdictional Discovery

GoDaddy's compromise position is to limit its discovery requests to the time period from January 1, 2012 to the present.[5] Mr. Ghaznavi's compromise position is to limit his responses to GoDaddy's discovery requests to the time period from January 1, 2015 to the present.[6]

Most courts look back between three and seven years from the date that the litigation was filed to assess whether there is general jurisdiction over a defendant. *See Kormylo v. Forever Resorts, LLC*, No. 13-cv-511 JM (WVG), 2015 WL 106379, at *10 (S.D. Cal. Jan. 6, 2015) (citing 4 Wright & Miller, Federal Practice & Procedure § 1067.5 & n.1175 (3d ed. 2002 & Supp. 2014); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569–70 (2d Cir. 1996)); *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citing *Metro. Life*, 84 F.3d at 569). Considering GoDaddy's allegations and Judge

---

[3] Ghaznavi Mot. to Quash – ECF No. 32. The other defendants also moved to dismiss the complaint. Anis and Silicon Valley Graphic Mot. to Dismiss – ECF No. 30.

[4] ECF No. 60.

[5] Joint Letter Br. – ECF No. 76 at 4 n.1.

[6] *Id.* at 5 n.2.

Hamilton's order, the undersigned finds that discovery from January 1, 2012 to the present — a period that begins a little less than six years before this litigation was filed — is appropriate here. Among other things, Judge Hamilton permitted discovery to determine the extent of Mr. Ghaznavi's ownership of and control over the various entities that GoDaddy identifies in its complaint ("Entities"); these have operated since before 2015 and (so GoDaddy alleges) have been part of Mr. Ghaznavi's alleged scheme since before 2015.[7] The fact that Mr. Ghaznavi is purportedly has been a citizen and resident of Pakistan and has only traveled to the United States twice since 2015[8] does not address whether discovery should be extended through 2012 (as Mr. Ghaznavi says nothing about his residency or other forum contacts during that time).

**2. Mr. Ghaznavi's Business Dealings**

Judge Hamilton permitted discovery to determine the extent of Mr. Ghaznavi's ownership of and control over the Entities. GoDaddy may properly take discovery of Mr. Ghaznavi's business dealings, including what Mr. Ghaznavi's successors-in-interest, predecessors-in-interest, agents, representatives, or others acting on his behalf might have done to exercise ownership or control for Mr. Ghaznavi over the Entities. GoDaddy's requests, which are (by definition) limited to documents and information in Mr. Ghaznavi's possession, custody, and control, and which call for documents and information about what Mr. Ghaznavi or others acting on his behalf did vis-à-vis the Entities, are not overbroad. Mr. Ghaznavi's objection to these requests are overruled.

**3. Mr. Ghaznavi's Numerosity Objection**

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Although the rule does not define the term 'discrete subparts,' a number of courts have construed the term to mean that 'interrogatory subparts are to be counted as one interrogatory if they are

---

[7] *See, e.g.*, Compl. – ECF No. 1 at 3 (¶ 7).
[8] Joint Letter Br. – ECF No. 76 at 4–5.

logically or factually subsumed within and necessarily related to the primary question.'" *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR), 2015 WL 1221924, at *2 (N.D. Cal. Mar. 17, 2015) (internal ellipsis omitted) (citing cases).

Mr. Ghaznavi objects to interrogatories number 3, 4, 5, 8, and 10 as being comprised of discrete subparts. Mr. Ghaznavi's objections to interrogatories 4, 5, 8, and 10 are unavailing. Interrogatories 4 and 5 ask about activities by Mr. Ghaznavi or businesses in which Mr. Ghaznavi has an investment, ownership, or supervisory interest. These are logically and factually subsumed and related, and Mr. Ghaznavi's attempt to split them into separate interrogatories about himself, on the one hand, and the businesses in which he has an investments, ownership, or supervisory interest, on the other, is not well taken. Likewise, interrogatories 8 and 10 ask about websites Mr. Ghaznavi owns, operates, populates, etc., and his attempt to split them (e.g., website hits versus website visits versus website downloads) into separate interrogatories is not well taken. Interrogatory 3 presents a closer case: it asks about Mr. Ghaznavi's relationship with 11 different Entities. The main thrust of the interrogatory, however, is about Mr. Ghaznavi, not the 11 different Entities. GoDaddy's citation to *Lithium Ion* and to *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191 (E.D. Tex. 2016) is therefore more persuasive than Mr. Ghaznavi's citation to *Collaboration Properties v. Polycom, Inc.*, 224 F.R.D. 473 (N.D. Cal. 2004). *Collaboration* was a patent-infringement case and the interrogatories there asked about 26 different allegedly infringing products: the focus of the interrogatory was on the products, and the court there held that the interrogatory therefore had 26 discrete subparts. *Collaboration*, 224 F.R.D. at 475. Here, by contrast, the focus of the interrogatory (and of the jurisdictional discovery as a whole) is not on the Entities. It is on Mr. Ghaznavi and his connections with this forum; the Entities are only the (alleged) channels through which Mr. Ghaznavi made contacts with the forum. GoDaddy could have phrased the interrogatory to ask Mr. Ghaznavi to detail his relationships with entities in the forum generally; the fact that GoDaddy listed named Entities with specificity does not convert its interrogatory into 11 different interrogatories. *Cf. Erfindergemeinschaft*, 315 F.R.D. at 198 (interrogatory that could have asked about chemical compounds generally does not become 11 separate interrogatories merely because the party propounding interrogatory listed out the

1  compounds, as "adding specificity in interrogatories is desirable and should not 'be counted as a
2  separate interrogatory'") (quoting *Ginn v. Gemini Inc.*, 137 F.R.D. 320, 321–22 (D. Nev. 1991)).
3  Mr. Ghaznavi's numerosity objection is overruled.

### 4. Requests Relating to the Telephone Records

Judge Hamilton indicated that phone records might be an area of dispute appropriate for jurisdictional discovery. *GoDaddy*, 2018 WL 1091257, at *5 (noting that the parties disagree about whether Mr. Ghaznavi "sent or directed the sending of text messages, phone calls, and advertisements to California citizens"). Mr. Ghaznavi objects on the grounds of overbreadth and burden as a conclusion, but he does not support that conclusion with an explanation of what the burden would be in responding to this request. Mr. Ghaznavi also states that it is difficult to see how GoDaddy would be able to establish personal jurisdiction through these phone records, but that is not a basis for objecting to their discovery. Mr. Ghaznavi is ordered to respond to these requests.

## CONCLUSION

Going forward, if any other discovery disputes arise, the parties must comply with the dispute procedures in the undersigned's standing order (attached). The procedures in it require, among other things, that if a meet and confer by other means does not resolve the parties' dispute, lead counsel for the parties must meet and confer in person (if counsel are local) and then submit a joint letter brief with information about any unresolved disputes. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." After reviewing the joint letter brief, the court will evaluate whether future proceedings are necessary, including any further briefing or argument.

**IT IS SO ORDERED.**

Dated: June 13, 2018

_____
LAUREL BEELER
United States Magistrate Judge

ORDER – No. 17-cv-06545-PJH (LB)    5